**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| BEELEY CAKNEAL MEAD | : | |
| | : | |
| Appellant | : | No. 1274 MDA 2024 |

Appeal from the Order Entered August 12, 2024
In the Court of Common Pleas of Lycoming County Criminal Division at
No(s):  CP-41-CR-0002044-2014

BEFORE:  PANELLA, P.J.E., KUNSELMAN, J., and NICHOLS, J.

MEMORANDUM BY KUNSELMAN, J.:                      **FILED: JUNE 25, 2025**

Beeley Cakneal Mead appeals *pro se* from the order denying his "Motion to Confirm Non-Registration of SORNA."  We affirm.

This Court has previously summarized the pertinent facts and procedural history as follows:

> On July 12, 2017, Mead pled guilty to one count of criminal solicitation to commit aggravated indecent assault of a child under the age of thirteen years of age in exchange for a negotiated sentence of five to twenty years of imprisonment.  On January 5, 2018, the trial court sentenced Mead in accordance with the plea agreement.  Mead did not file a post-sentence motion or a direct appeal to this Court.
>
> On February 21, 2020, Mead filed [a] *pro se* PCRA petition[.] The PCRA court appointed counsel, who filed a motion to withdraw and a no merit "brief" pursuant to **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988), and **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (*en banc*).  Thereafter, the PCRA court issued a Pa.R.Crim.P. 907 notice of its intent to dismiss this petition without a hearing.  Mead filed a response.  By order

entered April 1, 2021, the PCRA court permitted counsel to withdraw and denied Mead's petition [as untimely filed].

***Commonwealth v. Mead***, 277 A.3d 1111, at *1 (Pa. Super. 2022) (non-precedential decision). Mead appealed. On April 1, 2022, we affirmed the order denying Mead's petition. ***See id.*** On September 13, 2022, our Supreme Court denied Mead's petition for allowance of appeal. ***Commonwealth v. Mead***, 284 A.3d 1112 (Pa. 2022).

On September 28, 2022, Mead filed the *pro se* motion at issue. By order entered February 6, 2023, the trial court appointed counsel for Mead.[1] In this order, the trial court noted that the constitutionality of Chapter H of SORNA II (which would apply to Mead) was currently before the Pennsylvania Supreme Court. In 2020, our Supreme Court had remanded the case to the trial court for an evidentiary hearing to support the trial court's conclusion that Subchapter H of SORNA II was unconstitutional. ***Commonwealth v. Torsilieri***, 232 A.2d 567 (Pa. 2020) ("***Torsilieri I***"). On remand, the trial court held three days of hearings, and again declared Subchapter H unconstitutional. Our Supreme Court then granted the Commonwealth's petition for allowance of appeal.

_____

[1] As recognized by the trial court, our Supreme Court in ***Commonwealth v. Lacombe***, 234 A.3d 602, 617 (Pa. 2021), held that the PCRA was not the sole avenue for challenging sexual offender registration requirements. **See** Trial Court Opinion, 11/21/24, at 7. Therefore, the court treated the motion outside the parameters of the PCRA and appointed counsel in case an evidentiary hearing would be required.

Here, at a subsequent conference on Mead's motion, counsel for the parties agreed to await until the Pennsylvania Supreme Court issued a decision in **Torsilieri I**. On May 31, 2024, the High Court determined that Subchapter H of SORNA was constitutional; the chapter was non-punitive such that its application did not violate *ex post facto* principles. **Commonwealth v. Torsilieri**, 316 A.3d 77 (Pa. 2024) ("**Torsilieri II")**. Citing this decision, the trial court, on August 12, 2024, entered an order denying Mead's motion. This appeal followed. Both Mead and the trial court have complied with Appellate Rule 1925.

Mead's *pro se* brief does not contain a statement of questions involved. It is clear, however, from reading the remainder of the brief that Mead's current claim is that his plea agreement did not require him to register as sex offender.[2]

Regarding the importance of plea agreements, our Supreme Court has stated:

> As an initial matter, the [Superior Court in **Commonwealth v. Hainesworth**, 82 A.3d 444 (Pa. Super. 2013) (*en banc*)] accurately described the critical role that plea agreements play in the criminal justice system. In fact, courts have long recognized that plea negotiations and agreements are essential components of the criminal justice system. In this Commonwealth, we look upon the practice of plea bargaining with favor.

---

[2] We are not persuaded by the Commonwealth's claim that Mead waived this claim by failing to include it in his Rule 1925(b) statement. **See** Commonwealth's Brief at 4. Our review of the statement includes a claim by Mead that his plea deal was changed at sentencing.

\*\*\*

[A]s the **Hainesworth** court recognized, plea agreements clearly are contractual in nature.

\*\*\*

When a question arises as to whether a convicted criminal is entitled to specific performance of a term of his plea agreement the focus is not on the nature of the term, *e.g.*, whether the term addressed is a collateral consequence of the defendant's conviction. Rather, quite simply, the convicted criminal is entitled to the benefit of his bargain through specific performance of the plea agreement. Thus, a court must determine whether an alleged term is part of the parties' plea agreement. If the answer to that inquiry is affirmative, then the convicted criminal is entitled to specific performance of the term.

*Commonwealth v. Martinez*, 147 A.3d 531-33 (Pa. 2016) (quotation marks, citations, and footnote omitted).

Here, the trial court rejected Mead's claim that the terms of his plea agreement changed between the court's acceptance of the plea and the implementation of the plea at sentencing:

The court also notes that there [was] no change in the plea deal. The only plea deal was with respect to the offense to which Mead would plead guilty and the sentence of incarceration that he would receive. There was no deal regarding sexual offender registration requirements. Registration requirements were not imposed [at sentencing] in this case due to the status of the law on January 5, 2018. The law changed later in 2018 with the enactment of SORNA II.

Trial Court Opinion, 11/21/24, at 4-5.

Our review of the record supports the trial court's conclusion. Indeed, the terms of Mead's written plea agreement clearly provided that he would be

subject to lifetime SORNA registration and a sexually violent predator (SVP) assessment. Plea Agreement, 7/7/17, at 1. The only reason the trial court did not include the registration requirements as part of Mead's sentence was the fact that controlling case law at that time found both SORNA and the SVP unconstitutional. *See generally*, ***Commonwealth v. Muniz***, 164 A.3d 1139 (Pa. 2017); ***Commonwealth v. Butler***, 173 A.3d 1212 (Pa. Super. 2017), *reversed* 226 A.3d 972 (Pa. 2020). The current state of the law, however, is that Subchapter H is constitutional, and requires sex offenders like Mead to register.

In sum, because Mead's plea agreement included the requirement that he comply with the lifetime sex offender registration, the trial court properly denied Mead's "Motion to Confirm Non-Registration of SORNA."

Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 6/25/2025